IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.

ARMANDO SALAS,

    Movant-Defendant.

CIVIL NO. 02-0227 JP/DJS
Criminal No. 00-1614 JP

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255.

2. Movant, Armando Salas, challenges the sentence imposed upon him after a guilty plea to an indictment charging him with certain drug offenses. That indictment charged Movant with conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C §846, in three counts. Two additional counts of the indictment charged him with the substantive offenses of possessing with intent to distribute more than 50 kilograms of marijuana, in violation of 21 U.S.C. §841(b)(1)(C) and 18 U.S.C. §2. Movant pleaded guilty to the

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

indictment without benefit of a plea bargain. Movant was sentenced to 78 months imprisonment upon his plea. The calculation of the sentence imposed took into account Movant's admission to trading firearms for narcotics and the seizure of firearms from his residence. No appeal was taken from the sentence imposed.

3. The Pre-sentence Report and the transcript of the plea hearing and sentencing hearing set out the facts that lead to Movant's plea and subsequent conviction of the offenses described in the indictment. On two occasions Movant transferred large quantities of marijuana to an undercover agent, who was posing as a transporter of drugs. These transfers were in pursuit of the transport of the marijuana to others in St. Louis, Missouri, with the undercover agent undertaking the actual transportation and being paid for his efforts by Movant. When Movant was arrested he was in the process of turning over the second quantity of marijuana for transport. During the conversation leading up to the arrest, Movant informed the undercover agents that he would have yet another 300 pounds of marijuana available for them the following week.

4. Movant raises three claims in his petition, all of which deal with alleged deficiencies of counsel. First, Movant alleges that his counsel was ineffective because he did not challenge the sentence imposed by filing a direct appeal. The second dereliction of counsel allegedly occurred when counsel failed to raise the issue of sentencing entrapment or outrageous conduct before the trial court and on appeal. Movant's third claim of ineffective assistance of counsel is related to the second claim. Movant contends that the authorities manipulated the investigation so as to insure an enhanced sentence. According to Movant, this result came about because he was not arrested after his first transaction with law enforcement, which failure led to the discovery of the firearms which were used to enhance his sentence. Movant believes his counsel failed him by not challenging the

authorities' failure to afford him a "speedy arrest", which would have cut off the discovery of the firearms.

5. To prevail on these claims of ineffective assistance of counsel, Movant must satisfy the two-prong test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, he must establish that his counsel's performance "fell below an objective standard of reasonableness." <u>Id.</u> at 688. To meet this first prong of the <u>Strickland</u> test, "petitioner must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" <u>Hickman v. Spears</u>, 160 F.3d 1269, 1273 (10th Cir.1998) (quoting <u>Strickland</u>, 466 U.S. at 689); <u>see also Duvall v. Reynolds</u>, 139 F.3d 768, 777 (10th Cir.), <u>cert. denied</u>, 525 U.S. 933. (1998). When analyzing the performance of Movant's counsel, this Court will focus on "not what is prudent or appropriate, but only what is constitutionally compelled." <u>United States v. Cronic</u>, 466 U.S. 648, 665 n. 38, (1984). Additionally, Movant's claim of ineffective assistance of counsel will be viewed "from the perspective of his counsel at the time he rendered his legal services, not in hindsight." <u>Hickman</u>, 160 F.3d at 1273; <u>accord</u> <u>Strickland</u>, 466 U.S. at 689. The second prong of the <u>Strickland</u> test requires Movant to show that his counsel's deficient performance prejudiced his defense. <u>Strickland</u>, 466 U.S. at 692. To satisfy this second prong, Movant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. In addition, prejudice in the context of a guilty plea requires the Movant to establish that there is a reasonable probability that but for the errors of counsel he would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).[2]

---

[2]Respondent asserts that Movant's claims are procedurally barred. This position does not take into account the requirement that ineffective assistance of counsel claims be brought in

3

6. Movant's claims do not deserve relief. First, his claim of ineffective assistance of counsel by reason of the failure to file a direct appeal is infirm in several respects. Movant does not allege that he asked that counsel perfect an appeal and counsel asserts that no appeal was taken because there was "...there was no valid basis for an appeal and <u>we</u> did not have a good faith basis for doing so." Affidavit of Michael W. Lilley, ¶2, filed March 29, 2002 (Docket Nos. 6, 8) (Emphasis supplied). Movant does not assert that he sought a direct appeal, even though he was advised at the sentencing hearing of his right to do so, and indicated that he had no questions regarding that right. Indeed, the §2255 motion is absolutely silent concerning any discussion Movant had or did not have concerning the filing of an appeal. Of course, it is clear that counsel has an obligation to explain the right and the advantages and disadvantages of an appeal and whether or not there are meritorious grounds for such an appeal. See Baker v. Kaiser, 929 F.2d 1495 (10th Cir. 1991). The clear implication of counsel's affidavit is that these duties were carried out, which would negate any claim that counsel's actions in this regard were objectively unreasonable See Romero v. Tansy, 46 F.3d 1024, 1031 (10th Cir. 1995).[3]

8. Movant's remaining claims of ineffective assistance of counsel allege deficiencies connected with sentencing factors. Movant asserts that his counsel failed to argue to the trial court and, presumably, on appeal, the claimed sentencing factor manipulation or, as he puts it, "entrapment" by undercover agents. Movant contends those agents inveigled him into continuing

---

collateral proceedings, not on direct appeal. United States v. Galloway, 56 F.3rd 1239, 1240 (10th Cir. 1995) (*en banc*).

[3]Counsel did not file a brief pursuant to Anders v. California, 386 U.S. 738 (1967). This failure to act supports the inference that counsel had discussed the prospects of appeal with Movant and had his consent to dispense with the filing of the appeal.

4

his contact with them and that contact resulted in a more severe sentence. This advance on his counsel's competence fails to recognize that his guilty plea operated as a waiver of all non-jurisdictional defects and defenses occurring prior to his plea. United States v. Broce, 488 U.S. 563 (1989), Tollet v. Henderson, 411 U.S. 258 (1973). Thus, Movant's challenge to the actions of law enforcement prior to his plea, and his lawyer's failure to argue them in any forum is without merit.

9. Movant's complaints on the issue are foreclosed for another reason. While he describes the chain of events leading to his arrest as "entrapment", the Tenth Circuit Court of Appeals has held the issue should be analyzed as "outrageous conduct" rather than "sentencing entrapment". United States v. Lacey, 86 F.3rd 956, 963 (10th Cir.), cert. denied, 519 U.S. 944 (1996); United States v. Mosely, 965 F.2d 906 (10th Cir. 1992). That Court observed that while egregious conduct by the government may affect a sentencing determination, a downward departure based on outrageous conduct may only be granted in the most egregious circumstances. Lacey, 86 F.3d at 963. In Mosley, *supra* at 911, the Tenth Circuit Court of Appeals observed that two factors form the underpinnings needed to support such a defense: government creation of the crime and substantial coercion. In addition, when reviewing such a claim the courts evaluate the government's conduct in light of legitimate investigative purposes and the need for undercover involvement See Lacey 86 F.3d at 964. Movant offers no facts in support of his claim. Although a *pro se* litigant's pleadings should be construed liberally, he is not relieved of the burden of alleging sufficient facts on which a recognized legal claim could be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Indeed, the transcripts of the plea and sentencing hearings refute Movant's contentions, as do his declarations under oath describing his conduct during his encounters with law enforcement. Movant has presented this Court with no evidence that he would not have undertaken multiple marijuana

transactions absent a government agent buyer. See United States v. Eads, 191 F.3d 1206, 1212 (10th Cir. 1999) (Rejecting outrageous government conduct defense with regard to claim that agents sold the defendant more pure methamphetamine than normal in order to increase his sentence) cert. denied 530 U.S. 1231 (2000). Under these circumstances counsel was not ineffective for failing to argue the issues now raised by Movant.

10. Movant also contends that he should be afforded an evidentiary hearing on the issues he has raised in his petition. A court is not required to hold such a hearing under 28 U.S.C. §2255 when the files and records show conclusively that the Movant is entitled to no relief. See United States v. Marr, 856 F. 2d 1471, 1472 (10th Cir. 1988); Eskridge v. United States, 443 F.2d 440, 443 (10th Cir.1971). The record does not support the need for a hearing in this case.

**RECOMMENDED DISPOSITION:**

That the Motion be denied and this matter be dismissed with prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE